**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **THE COLONIAL BANCGROUP, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.  2:11-cv-0824 (MHT)** |
| **BRANCH BANKING AND TRUST COMPANY,** | |
| **Defendant and Third-Party Plaintiff,** | |
| **v.** | |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Colonial Bank and in its corporate capacity,** | |
| **Third-Party Defendants.** | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF THE**
**FDIC-RECEIVER IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

Michael A. Fritz, Sr.
michael@fritzandhughes.com
Fritz, Hughes & Hill LLC
1784 Taliaferro Trail, Suite A
Montgomery, Alabama  36117
(334) 215-4422

John J. Clarke, Jr.
Spencer Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
(212) 335-4500

Attorneys for the
 Federal Deposit Insurance Corporation,
 as Receiver for Colonial Bank

Dated:  October 18, 2011

## **Table of Contents**

Page

Table of Authorities ...................................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT

BANCGROUP'S MOTION TO STAY ITS OWN
ACTION SHOULD BE DENIED ................................................................................................... 2

CONCLUSION ............................................................................................................................. 6

# **Table of Authorities**

Page(s)

## Cases

*E.E.O.C. v. Univ. of Pa.*,
  850 F.2d 969 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) .......................................2, 3

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
  342 U.S. 180 (1952)....................................................................................................3

*Manuel v. Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005) ................................................................................3

*Merrill Lynch Pierce Fenner & Smith, Inc. v. Haydu*,
  675 F.2d 1169 (11th Cir. 1982) ............................................................................2, 3

*Smith v. McIver*,
  22 U.S. 532 (1824) (Marshall, C.J.)..........................................................................2

*Wash. Mut., Inc. v. F.D.I.C.*,
  659 F. Supp. 2d 152 (D.D.C. 2009) ..........................................................................4

*Wash. Mut., Inc. v. F.D.I.C.*,
  C.A. No. 09-0533 (D.D.C. Jan. 7, 2010) ..................................................................4

## Statutes and Rules

Fed. R. Civ. P. 24..........................................................................................................3, 4

Fed. R. Civ. P. 42(a) .........................................................................................................3

Third-party defendant Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "<u>FDIC-Receiver</u>"), respectfully submits this memorandum of points and authorities in opposition to the motion by plaintiff The Colonial BancGroup, Inc. ("<u>BancGroup</u>") to stay this action that BancGroup itself commenced against defendant Branch Banking and Trust Co. ("<u>BB&T</u>").

## PRELIMINARY STATEMENT

There is no dispute that BB&T has a significant financial interest in disputes concerning the ownership of $300 million in REIT preferred securities that were issued by Colonial Bank's subsidiary CBG Florida REIT Corp.  Those securities were contributed to Colonial Bank on August 11, 2009 and, as assets that were held by Colonial Bank and recorded on its balance sheet, they were conveyed to BB&T pursuant to its August 14, 2009 purchase and assumption agreement with the FDIC-Receiver.

In this action and in other pending actions with the FDIC-Receiver, BancGroup has advanced unfounded arguments that its capital contribution of the REIT preferred securities to Colonial Bank was ineffective or that, if effective, the contribution should be avoided.  As the FDIC-Receiver has demonstrated, BancGroup's claims are contradicted by the undisputed testimony of BancGroup's own senior officers and are not supported by applicable law. Nevertheless, BB&T has an unquestionable interest in those disputes, and fairness and due process require that it be heard before this Court rules on them.

BancGroup's motion to stay this action sweeps past these fundamental tenets of American jurisprudence.  Revealingly, BancGroup asserts that BB&T will be bound by any ruling in BancGroup's litigation with the FDIC-Receiver *even if* it is silenced as a result of this motion.  *See* Mem. at 8, 10.  None of the cases cited by BancGroup supports such an unjust and potentially unconstitutional result.

Argument has been scheduled for January 20, 2012 on the cross-motions for summary judgment in the FDIC-Receiver's pending litigation with BancGroup. Therefore, more than three months remain for briefing to be completed on BB&T's anticipated motion for summary judgment with respect to BancGroup's claims here. There is no basis in fact, law or equity to exclude BB&T's counsel from participating in argument on that date after briefing of BB&T's summary judgment motion has been submitted. BancGroup's motion to stay the action that it commenced should be denied.

## ARGUMENT

### BANCGROUP'S MOTION TO STAY ITS OWN ACTION SHOULD BE DENIED

The motion to stay asserts that BancGroup's pending litigation with the FDIC-Receiver was filed earlier than its adversary proceeding against BB&T and the later action therefore should be stayed. However, the "first-filed" doctrine that BancGroup relies upon does not apply when two parallel actions are being prosecuted by the *same plaintiff* in the *same court* against *two different parties*, which are the circumstances presented here. Moreover, the fact that BancGroup waited six months to file this motion, and did so only after BB&T stated its intention to move for summary judgment, reveals the motion for what it is – procedural gamesmanship.

The first-to-file rule is based on principles of comity, judicial efficiency and a policy to avoid inconsistent judgments. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971-72 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990). The rule is founded on the principle that "[i]n all cases of *concurrent jurisdiction*, the court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532, 535 (1824) (Marshall, C.J.) (emphasis added); *see Merrill Lynch Pierce Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide the case.").

2

The rule "gives a court 'the power' to enjoin the subsequent prosecution of proceedings *involving the same parties and the same issues* already before *another* district court." *Univ. of Pa.*, 850 F.2d at 971 (emphasis added). "[T]he rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id.* at 977 (citations omitted). The paradigm case involves a jurisdictional conflict between a declaratory judgment action brought by one party in one district and a plenary action brought against that party by the declaratory judgment defendant in another district. *See, e.g., Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The doctrine also has been applied where one party to a dispute seeks to litigate in court while the other party seeks to compel arbitration, or where there are pending state and federal actions involving the same disputes between the same parties. *See, e.g., Merrill Lynch*, 675 F.2d at 1172-73.

The "letter and spirit of the first-filed rule . . . are grounded on equitable principles," *Univ. of Pa.*, 850 F.2d at 977, and the trial judge is granted "the flexibility necessary to fit the decision to the individualized circumstances," *id.* (citation and internal quotation omitted); *see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.").

Further, the first-filed rule has no application when, as here, a single district judge is presiding over parallel actions by the same plaintiff against two different defendants. In those circumstances, Rule 42 of the Federal Rules of Civil Procedure expressly empowers the Court to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Likewise, Rule 24 permits intervention by BB&T in the pending litigation between the FDIC-

3

Receiver and BancGroup.  *See* Fed. R. Civ. P. 24.  Any of these procedural alternatives would avoid the risk of inconsistent or conflicting judgments while still preserving BB&T's right to be heard on issues in which, there is no dispute, it has a material interest.

BancGroup mistakenly relies upon the decision in *Washington Mutual, Inc. v. F.D.I.C.*, C.A. No. 09-0533 (D.D.C. Jan. 7, 2010).  In that case, two parallel actions were pending that each involved the FDIC as receiver for a failed bank, the bank's bankrupt holding company, and JPMorgan Chase Bank, N.A. ("JPMC").  The earlier of the two actions was filed by the holding company against the FDIC in the District of Columbia, and JPMC intervened as the assuming bank under a purchase and assumption agreement with the FDIC.  The holding company later sued JPMC in Delaware bankruptcy court asserting a number of identical claims.  The FDIC intervened and was named as a third-party defendant.  The district court entered an interim stay, noting that the later filed bankruptcy court litigation had proceeded faster.  *See id.*, slip op. at 5.

Unlike this case, there was no risk in *Washington Mutual* that any issue would be decided without hearing from one of the interested parties, since all three of the primary litigants were parties to both proceedings.  Indeed, the district court previously had allowed JPMC to intervene in the debtor's action against the FDIC precisely for that reason.  *See Wash. Mut., Inc. v. F.D.I.C.*, 659 F. Supp. 2d 152, 155 (D.D.C. 2009).  Moreover, unlike this case there was a clear jurisdictional tension between the district court and the bankruptcy court.  *See Wash. Mut.*, slip op. at 5-6.

BancGroup acknowledges that BB&T has been an active participant in discovery throughout the course of litigation of the issues in dispute between BancGroup and the FDIC-Receiver.  BB&T's attorneys have attended every deposition taken in that litigation, and BB&T has stated its intention to file a motion for summary judgment promptly that would dispose of

BancGroup's claims.  BancGroup's suggestion that such a summary judgment motion would impose a burden on it are without merit.  Since three months remain before the scheduled argument date for the FDIC-Receiver's and BancGroup's pending summary judgment motions, there is more than sufficient time to permit the completion of briefing on BB&T's motion. BB&T should be heard on disputes in which it has a material interest, and BancGroup itself has commenced this action in which it has placed those disputes directly at issue.  Consequently, BancGroup's attempt to stay its own litigation should be denied.[1]

---

[1] On the other hand, efficiency of judicial administration may favor a stay of BB&T's third-party claims against the FDIC-Receiver and the FDIC in its corporate capacity, which will be moot if the Court rejects BancGroup's claims with respect to the REIT preferred securities, as the FDIC-Receiver believes it should.  The FDIC-Receiver reserves its right to seek such a partial stay in a subsequent motion.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the FDIC-Receiver respectfully requests that the Court deny BancGroup's motion to stay all proceedings in this action and grant the FDIC-Receiver such other and further relief as the Court may deem just and proper.

Dated: Montgomery, Alabama              Respectfully submitted,
       October 18, 2011

                                       /s/ Michael A. Fritz, Sr.
                                       Michael A. Fritz, Sr.
                                       Fritz Hughes & Hill, LLC
                                       1784 Taliaferro Trail, Suite A
                                       Montgomery, AL 36117
                                       (334) 215-4422

                                           - and –

                                       John J. Clarke, Jr.
                                       Spencer Stiefel
                                       DLA Piper LLP (US)
                                       1251 Avenue of the Americas
                                       New York, New York  10020-1104
                                       (212) 335-4500

                                       Attorneys for the
                                         Federal Deposit Insurance Corporation
                                         as Receiver for Colonial Bank

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is one of the attorneys for third-party defendant Federal Deposit Insurance Corporation, as Receiver for Colonial Bank and that on October 18, 2011, a true and correct copy of the foregoing document was filed with this Court's ECF system in this action, which will cause the electronic service of this document upon all persons registered in this action to receive CM/ECF notifications as of its filing to include the following:

Benjamin I. Finestone
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010

Brent William Herrin
Gus H. Small
Cohen Pollock Merlin & Small, P.C.
3350 Riverwood Pkwy SE ste 1600
Atlanta, GA 30339-3359

Thomas L. Holzman
Federal Deposit Insurance Corporation
3501 Fairfax Dr.
Arlington, VA 22226

Nicholas Christian Glenos
Ethan Tyler Tidmore
Thomas Parker Griffin, Jr.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

Philip Henry Butler
Bradley Arant Boult Cummings LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

 /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.